September 21, 2004 Letter Agreement
from HELMS
To ROYALTY RECOVERY

Page 1 of 4

September 21, 2004

To:   Royalty Recovery, Inc.
      160 East 88th Street
      Suite 16B
      New York, New York 10128

From: Mark Lavon Helm p/k/a Levon Helm
      160 Plochmann Lane
      Woodstock NY 12498

Dear Sirs:

When co-signed by you, the following will outline the agreement between me, Levon Helm ("Helms") and you, Royalty Recovery, Inc. ("Royalty Recovery"):

1. Helms warrants, represents, covenants and agrees that Helms is entitled to a certain royalties from his performance, composition and sound recordings, which Helms is not currently receiving (collectively, the "Claims").

2. Helms hereby appoints, in perpetuity, Royalty Recovery as Helms' sole authorized representative with respect to all rights in and to the Claims.

3. Helms hereby authorizes Royalty Recovery to proceed, as Helms' exclusive agent, with such efforts as Royalty Recovery deems reasonable and practical including, but not limited to, negotiating a resolution of Helms' rights and or the Claims and/or filing an appropriate civil action in Helms' name against any third party to protect Helms' rights and/or the Claims. Helms hereby irrevocably appoints Royalty Recovery as Helms' attorney-in-fact for all mater relating to this agreement and in Helms' name and to execute and deliver any documents and/or otherwise that Royalty Recovery may deem necessary.

4. Helms hereby grants to Royalty Recovery the sole and exclusive rights in perpetuity:

   a) the right to collect any and all royalties, fees, expenses or other income currently due or becoming due, except for all royalties, fees, expenses or other income which are currently being paid to Helms.

   b) the right to hire and/or retain other professionals to help enforce all rights in and to the Claims.

5. The territory for this agreement shall be the universe.

September 21, 2004 Letter Agreement
from HELMS
To ROYALTY RECOVERY

Page 2 of 4

    6. For any matters that are settled prior to commencing a lawsuit or other official proceeding, Royalty Recovery will take a fee of forty percent (40%) of the results and proceeds achieved as a direct or proximate result of Royalty Recovery's representation of Helms. For matters where litigation (or other official proceeding) is commenced, Royalty Recovery will take a fee of fifty percent (50%) of the results and proceeds achieved as a direct or proximate result of Royalty Recovery's representation.

    (i)    Royalty Recovery shall be liable for all attorney fees and initial payment of all disbursements. All amounts paid for disbursements (not including attorney fees) will be deducted from the gross amount(s) received. Thus, for instance, if $110.00 is received after litigation is commenced, and there is $10.00 worth of disbursements, payments would be as follows: $10.00 paid for disbursement; $50.00 would be the fee to Royalty Recovery; and $50.00 would be the proceeds Helms would be paid from the suit.

    7. Royalty Recovery will render statements to Helms within forty five (45) days of its receipt of any payment. Such statement shall be accompanied by appropriate payment. All royalty statements rendered to Helms shall be binding upon Helms unless Helms objects by written notice to Royalty Recovery within one (1) year from the date such statement is received. Helms shall not have the right to sue Royalty Recovery unless Helms files suit within one (1) year from the date the statement was due. Royalty Recovery shall maintain books and records which Helms may examine, at Helms' expense. Helms may make those examinations only during Royalty Recovery's usual business hours, on reasonable written notice for a reasonably convenient time, and at the place where Royalty Recovery keeps the books and records to be examined. Helms may appoint a certified public accountant to make such an examination for Helms.

    8. All notices hereunder shall be deemed served two days after being sent by certified U.S. mail to the addresses listed above. Neither party shall be entitled to recover damages or to terminate this agreement by reason of any breach by the other unless the party accused with breaching this agreement has failed to remedy such breach within sixty (60) days following written receipt by certified mail of notice therefor.

    9. Helms agrees to execute and supply to Royalty Recovery any documents that Royalty Recovery may require to acquire and/or perfect the Claims.

    10. This Agreement represents the entire understanding between the parties relating to the subject matter herein. This Agreement is to be governed by New York State Law applicable to contracts fully made and performed within the State of New York and by Federal copyright law. The parties consent to jurisdiction in the State of New York and hereby agree to service of process as provided by the notice provision herein.

September 21, 2004 Letter Agreement
from HELMS
To ROYALTY RECOVERY

Page 3 of 4

11. **Each of the parties hereto agrees that this agreement is being freely and voluntarily given by each without duress or coercion, after each party has had an opportunity to consult with legal counsel of its choice and investigate any of the facts or legal issues related to this Agreement.**

Very truly yours,

*[signature]*
Mark Lavon Helms p/k/a Levon Helms

Accepted and Agreed to:

ROYALTY RECOVERY, INC.

by: *[signature]*
an authorized signatory

September 21, 2004 Letter Agreement
from HELMS
To ROYALTY RECOVERY

Page 4 of 4

Levon Helms
c/o Royalty Recovery, Inc.
160 East 88th Street, Suite 16B
New York, NY 10128

Dated as of September 21, 2004

Re: **Payment to Levon Helms**

Ladies and Gentlemen:

1. I have hired Royalty Recovery, Inc. ("Administrator") to administrate all of my rights, including but not limited to, my compositions, my sound recordings, my recorded performances and all of my productions.

2. Although I have previously entered into agreements which would require you to pay me directly, for the services which I rendered, I hereby request and irrevocably authorize you to make all payments due to me, as follows:

(i) All checks and statements shall be sent to Royalty Recovery, Inc. 160 East 88th Street, Suite 16B, New York, NY 10128 or their then current address.

(ii) All checks shall be made payable to Royalty Recovery, Inc.

Very truly yours,

*[signature]*

Levon Helms

STATE OF NEW YORK )
) ss.:
COUNTY OF Ulster )

On September 28, 2004 before me, the undersigned, personally appeared LEVON HELM personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s) or the entity on behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*[signature]*

Notary Public
**MAUREEN FARRELL
Notary Public, State of New York
No. 01FA5053928
Qualified in Ulster County
Commission Expires January 02, 2006**



# royalty|recovery

160 East 88th Street, Suite 16B
New York, NY 10128
(212) 289-0709 - (212) 289-0686 Fax

December 18, 2004

Mark Levon Helm p/k/a
Levon Helm
160 Plochmann Lane
Woodstock, NY 12498

Dear Levon:

    This letter will confirm that we have agreed to amend our agreement dated December 12, 2004, solely with regard to the monies collected from the results and proceeds achieved as a direct or proximate result of Royalty Recovery's representation of your interest relating to the television commercial for Cingular Wireless that uses the recording "The Weight." Both parties agree that with regards to the lawsuit relating to the Cingular television commercial, Royalty Recovery will take a fee of thirty five percent (35%) of the first two hundred and fifty thousand dollars ($250,000) and fifty percent (50%) of all monies over two hundred and fifty thousand dollars ($250,000) of the results and proceeds achieved as a direct or proximate result of Royalty Recovery's representation. Please sign below to confirm this amendment.

Best regards,

*Jeff Gandel*

Agreed and accepted

*Mark Levon Helm*